IN THE UNITED STATES DISTRICT OCURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **In re ALN Medical Management LLC Data Incident Litigation** | ORDER FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL<br><br>4:25CV3067<br>4:25CV3069<br>8:25CV224<br>4:25CV3070<br>4:25CV3071<br>4:25CV3072<br>4:25CV3073<br>4:25CV3074<br>4:25CV3075<br>4:25CV3077<br>4:25CV3080<br>4:25CV3082<br>4:25CV3096 |

This matter is before the Court on Plaintiffs' Unopposed Motion to Consolidate Actions and Appoint Interim Co-Lead Class Counsel (Filing No. 18 in Case No. 4:25CV3067) filed by the plaintiffs in each of the thirteen above-captioned cases. The plaintiffs seek consolidation of these related cases, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The plaintiffs further request appointment of interim co-lead class counsel to collectively lead this litigation as well as appointment of an executive committee. The motion indicates that Plaintiffs' counsel "communicated with counsel for ALN Medical Management LLC ("ALN"), National Spine Pain Centers LLC ("NSPC"), and Bethany Medical Center, P.A. ("BMC"), and Hoag Clinic ("Hoag") (collectively, "Defendants")," and while "Defendants do not agree with Plaintiffs' characterization of the factual allegations, they do not oppose consolidation." (Filing No. 18 at p. 5 in Case No. 4:25CV3067).

## I. Consolidation

The plaintiffs seek consolidation of the above-captioned cases, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Defendant ALN is a healthcare advisory firm that provides services such as "physician, facility, and non-par provider hospital billing, professional coding, claims recovery, review of billing practices, and credentialing" to healthcare providers. Defendants, NSPC, BMC, and Hoag all utilized ALN's services. The plaintiffs' claims all arise out of the same cyberattack on ALN's computer information technology systems between March 18 and March 24, 2024, by an "unauthorized threat actor," resulting in the unauthorized access of the defendants' patients' sensitive personal information, including name, dates of birth, health insurance information, demographic information, Social Security number, and financial information. The defendants allegedly waited a "full year" before providing affected individuals with written notice of the data breach. The plaintiffs and putative class members are individuals affected by this data breach, and have brought claims arising out of the defendants' failure to properly safeguard and securely maintain their personally identifiable information and protected health information, including causes of action for common law negligence, negligence per se, unjust enrichment, invasion of privacy, breach of implied contract, and breach of third-party beneficiary contract.

After review of the pleadings, motion, and accompanying brief and attachments, the Court finds consolidation pursuant to Fed. R. Civ. P. 42(a) is warranted. The plaintiffs' claims all arise out of the same data breach, contain overlapping causes of action, and seek to represent the same class of individuals (the exact number being unknown, but consisting of "thousands"). The plaintiffs also all allege the defendants breached the same or similar common law and statutory duties, thereby allowing the data breach to occur, and also seek the same type of remedies and compensation. Thus, all of the above-captioned actions will involve common questions of law and fact. See Fed. R. Civ. P. 42(a) (permitting a court to consolidate actions "involv[ing] a common question of law or fact"). As such, consolidation will promote judicial efficiency, conserve the parties' and court's resources, and will avoid duplicative discovery and inconsistent court rulings.

The plaintiffs have proposed consolidating the above-captioned actions into the first filed action, *Reed v. ALN Medical Management LLC et al.*, Case No. 4:25-cv-3067, under the new title "*In re ALN Medical Management LLC Data Incident Litigation*"; thereafter, the plaintiffs propose filing a Consolidated Amended Complaint "to govern the consolidated proceedings," and

providing Defendants with 45-days after filing of the Consolidated Amended Complaint to file an answer or other responsive pleading.[1]  (Filing No. 18 at pp. 19-20).  This Court has granted similar motions after finding consolidation will streamline proceedings under similar circumstances.  See, e.g., *In re Reg'l Care Data Sec. Incident Litig.*, No. 4:24CV3236, 2025 WL 675056 (D. Neb. Mar. 3, 2025); *Schultz v. TD Ameritrade, Inc.*, No. 8:23CV375, 2023 WL 6621073, at *1 (D. Neb. Oct. 11, 2023).  In consideration of the above, the Court finds the plaintiffs' motion to consolidate should be granted, and the above-captioned cases should be consolidated for all purposes.

## II. Appointment of Interim Co-Lead Class Counsel

The plaintiffs also move for appointment of Interim Co-Lead Counsel under Federal Rule of Civil Procedure 23(g)(3).  The plaintiffs request that the Court appoint as Interim Co-Lead Counsel: Jeff Ostrow of Kopelowitz Ostrow P.A.; Andrew Shamis of Shamis & Gentile P.A.; and John Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC.  The plaintiffs also request that the Court establish a Plaintiffs' Executive Committee consisting of: Charles E. Schaffer of Levin Sedran & Berman LLP; Leigh S. Montgomery of EKSM, LLP; A. Brooke Murphy of Murphy Law Firm; Raina Borrelli of Strauss Borrelli PLLC; Mona Amini of Kazerouni Law Group, APC; Kennedy M. Brian of Federman & Sherwood; Andrew W. Ferich of Ahdoot & Wolfson, PC; and Courtney E. Maccarone of Levi & Korsinsky, LLP to Plaintiffs' Executive Committee.

Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  When appointing class counsel, interim or otherwise, Rule 23(g)(1)(A) requires the court to consider (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class."  The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of

---

[1] Under Subsection III of the Memorandum, Plaintiffs represent that "Counsel for Defendants have requested, and Plaintiffs do not oppose, that Defendants be given forty-five (45) days from the date of the filing of the Consolidated Amended Complaint to answer or otherwise respond."  However, under their Conclusion in Subsection IV, Plaintiffs request Defendants' answer or other responsive pleading "to the consolidated pleading [be made] within thirty (30) days." (Filing No. 18 at pp. 19-20).  The Court will utilize the longer 45-day timeframe.

the class." Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees, Ann. Manual Complex Lit. § 10.22 (4th ed.). "Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Id.*

After review of the Rule 23(g)(3) factors, the Court finds the consolidated actions would benefit from interim class counsel for efficient case management. As demonstrated by the brief and accompanying resumes, proposed Interim Co-Lead Counsel are extremely experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting complex class action cases involving data security and privacy, and resources they are willing to expend to litigate this case. Proposed Interim Co-Lead Counsel were the first to file cases arising out of the data breach at issue, and have been involved in investigating, prosecuting, and coordinating this litigation, including preparing and filing the instant motion after obtaining defense counsel's position (before the defendants were even required to file responsive pleadings or otherwise appear in these cases). Although there is no other counsel currently seeking appointment as interim lead counsel, the Court nevertheless finds appointment of interim counsel at this juncture makes sense. The data breach at issue in this case is alleged to have occurred in March 2024, with notice to affected individuals beginning in March 2025. Given the relatively recent notification of potentially thousands of affected individuals at the time this motion was filed, it is reasonable to assume more lawsuits with similar or identical claims arising out of the same data breach could be forthcoming. Finally, no party has objected to the appointment of these attorneys as Interim Co-Lead Class Counsel.

The plaintiffs' motion also requests that the Court establish a "Plaintiffs' Executive Committee." There are meaningful differences between the two. The duty of interim class counsel is to represent the interests of the proposed class fairly and adequately prior to class certification. *See* Fed. R. Civ. P. 23(g)(4). Lead Counsel typically "act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of

4

deponents, employing experts, arranging for support services, and seeing that schedules are met." Manual for Complex Lit. § 10.221. Committees of counsel[2] "are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Id.* "Committees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses." *Id.* Courts deny requests for appointment of leadership committees where a plaintiff fails to demonstrate that such an appointment is necessary. *See* Manual for Complex Lit. § 10.224 (stating that a leadership committee "should be necessary, not simply the result of a bargain among the attorneys."); *see also In re Nelnet Servicing, LLC*, No. 4:22CV3181, 2023 WL 1108253, at *6 (D. Neb. Jan. 30, 2023) (recognizing viewpoint that "while the attorneys applying for interim class counsel had impressive resumes and considerable experience handling complex class litigation, committees of counsel can lead to increased costs and unnecessary duplication of efforts.").

The plaintiffs' motion and brief do not specifically explain why a Plaintiffs' Executive Committee is necessary for the orderly and efficient development of the case, and have not identified differences in jurisdiction, location, or law outside of what is expected in a class action lawsuit. Additionally, the plaintiffs do not explain the structure of the committee or what the functions of each committee member will be, billing rates, fee sharing agreements, or other information necessary for the Court to be assured establishment of the committee is justified at this time. See Manual Complex Lit. § 10.222 ("The functions of lead, liaison, and trial counsel, and of each committee, should be stated in either a court order or a separate document drafted by counsel for judicial review and approval. This document will inform other counsel and parties of the scope of designated counsel's authority and define responsibilities within the group."); Manual Complex Lit. § 10.224 (setting forth several factors important for the Court to assess and cautions courts from "[d]eferring to proposals by counsel without independent examination, even those that seem to have the concurrence of a majority of those affected[.]"; . . . "The court's responsibilities are heightened in class action litigation, where the judge must approve counsel for the class."). Finally, as evidenced by the plaintiffs' brief, the attorneys for the proposed class have been able to work together efficiently thus far in organizing and developing the action without the necessity of

---

[2] Referred to as committees of counsel, coordinating committees, management committees, steering committees, executive committees, discovery committees, or trial teams. See Manual for Complex Litig. § 10.221.

establishing a formal Plaintiffs' Executive Committee. However, the Court will not foreclose the creation of an Executive Committee upon a proper showing at a later date.

For these reasons, the Court finds the appointment of the proposed Interim Co-Lead Counsel is appropriate under Federal Rule of Civil Procedure 23(g). However, the Court will not create a Plaintiffs' Executive Committee without a further showing of necessity, information outlining each member's roles and duties within the committee, and any other information justifying its establishment. Accordingly,

**IT IS ORDERED:**

1. The Plaintiffs' Motion to Consolidate Cases (Filing No. 18 in Case No. 4:25CV3067) is granted.

2. The above-captioned cases are consolidated for all purposes. The Court designates Case No. 4:25CV3067 as the "Lead Case" and Case Nos. 4:25CV3069, 8:25CV224, 4:25CV3070, 4:25CV3071, 4:25CV3072, 4:25CV3073, 4:25CV3074, 4:25CV3075, 4:25CV3077, 4:25CV3080, 4:25CV3082 and 4:25CV3096 as "Member Cases." The Lead Case will proceed under the new title "*In re ALN Medical Management LLC Data Incident Litigation.*"

3. The Court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, until a consolidated complaint is filed in the Lead Case, the parties are instructed to file all further documents (except as described below in subsections a. and b. of this paragraph) in the Lead Case, and to select the option "yes" in response to the System's question whether to spread the text.

    a. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal. Attempting to do so will cause a system error, and therefore these documents must be separately filed in each of the lead and any member cases. When filing such documents, counsel may either file the document separately in each case or file the document in the Lead Case and ask the court to then file it in all member cases.

    b. If a party believes that a document in addition to those described in subparagraph a. above should not be filed in all of these consolidated cases, the party must move for permission to file the document in a limited number of the cases. The motion must be filed in each of the consolidated cases using the spread text feature.

4. The plaintiffs shall seek leave to file a Consolidated Amended Complaint in the Lead Case on or before **July 21, 2025**.

    a. The deadline for the defendants to file an answer or other responsive pleading is extended to 45-days after the plaintiffs file the Consolidated Amended Complaint.

    b. If the defendants file a motion under Fed. R. Civ. P. 12 as a responsive pleading, the plaintiffs shall have 30-days to file a brief in opposition. Thereafter, the defendant may have 21-days to file a brief in reply.

5. After the plaintiffs file their Consolidated Amended Complaint in the Lead Case, the Clerk of Court is directed to administratively close the Member Cases, and the parties are instructed to thereafter file all further documents in the Lead Case without spreading text.

6. For subsequently filed or transferred cases arising out of the same subject matter at issue in the Consolidated Lead Case, attorneys of record must notify the court that the case is related to this action pursuant to NEGenR. 1.4(A). The Clerk of Court shall docket a copy of this order in any subsequently filed or transferred related case. If any party objects to consolidation or otherwise wishes to seek alternative relief in a subsequently filed case, the objecting party must file a motion within 14-days of the party's first appearance in the case explaining the basis for its motion and its requested relief.

**IT IS FURTHER ORDERED:**

1. The Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel (Filing No. 18 in Case No. 4:25CV3067) is granted to the extent it requests appointment of Interim Co-Lead Class Counsel.

2. Jeff Ostrow of Kopelowitz Ostrow P.A.; Andrew Shamis of Shamis & Gentile P.A.; and John Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC are appointed as Interim Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedures 23(g)(3).

3. The plaintiffs' Interim Co-Lead Counsel will be responsible for and have plenary authority to prosecute any and all claims of plaintiffs' and the putative class and to provide general supervision of the activities of plaintiffs' counsel in the Consolidated Action.

4. The plaintiffs' request for establishment and appointment of a Plaintiffs' Executive Committee is denied, without prejudice.

Dated this 11th day of June, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge